Case No. 26-cr-81-KMW



**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

October 16, 2025

Abraham N. Basch, Esq.
The Law Offices of Jonathan F. Marshall
82 Court Street
Freehold, NJ 07728

### Re: Plea Agreement with Konrad Wiklinski

Dear Mr. Basch:

This letter sets forth the plea agreement between your client, Konrad Wiklinski ("the defendant"), and the United States Attorney's Office for the District of New Jersey ("the Office"). The Government's offer to enter into this plea agreement will expire on **November 30, 2025** if it is not accepted in writing by that date. If the defendant does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

### Charges

Conditioned on the understandings specified below, the Office will accept a guilty plea from the defendant to a one-count Information, which charges the defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).

If the defendant enters a guilty plea to this Information and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Office will not initiate any further criminal charges against the defendant for knowingly producing, possessing, receiving, and distributing child pornography between in or about September 2022 through October 2023.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the defendant may be commenced against him, notwithstanding the expiration of the limitations period after the defendant signs the agreement.

1

## Sentencing

The violation of 18 U.S.C. § 2252A(a)(2)(A) to which the defendant agrees to plead guilty carries a statutory mandatory minimum sentence of 5 years' imprisonment, a statutory maximum prison sentence of 20 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentence may run consecutively to any prison sentence the defendant is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon the defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence the defendant ultimately will receive.

Further, in addition to imposing any other penalty on the defendant, the sentencing judge:

(1) will order the defendant to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order the defendant to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.* and 2259, including mandatory restitution of not less than $3,000 per victim for the offense charged in the Information;

(3) must order forfeiture, pursuant to 18 U.S.C. § 2253; and

(4) pursuant to 18 U.S.C. § 3583(k) must require the defendant to serve a term of supervised release of at least five years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed.

Should the defendant while on supervised release violate any of the conditions of supervised release before the expiration of its term, the defendant may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should the defendant while on supervised release be found, in a manner that satisfies United States v. Haymond, 139 S. Ct. 2369 (2019), to

2

have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant must be sentenced to at least 5 years' imprisonment per count and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the sentencing judge finds the defendant to be indigent, an additional mandatory special assessment of $5,000 on each count must also be imposed.

In addition, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the sentencing judge shall require the defendant to pay an assessment of not more than $35,000. In determining the amount of this assessment, the sentencing judge will consider the factors set forth in 18 U.S.C. § 3553(a) and 3572.

### Rights of The Office Regarding Sentencing

Except as otherwise provided in this agreement, the Office reserves the right to take any position with respect to the appropriate sentence to be imposed on the defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of the defendant's activities and relevant conduct with respect to this case.

### Stipulations

The Office and the defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the Office is based on the information and evidence that the Office possesses as of the date of this agreement. Thus, if the Office obtains or receives additional evidence or information prior to sentencing that they determine to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the Office or the defendant from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and

3

authority to do so. These stipulations do not restrict the Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Office and the defendant waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Forfeiture

The defendant agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all digital media, including media recovered from electronic devices obtained from the defendant on or about October 24, 2023, on which law enforcement discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 110 of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information and all property traceable to such property (the "Forfeitable Property," which includes the item listed on Schedule B hereto).

The defendant further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant further agrees that the federal agency in possession of the Forfeitable Property may, in its discretion, destroy or cause the destruction of the Forfeitable Property.

The defendant hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

### Abandonment

As part of his acceptance of responsibility, Konrad Wiklinski also waives, abandons, surrenders, and forfeits all of his right, title, and interest in the item listed on Schedule C hereto (collectively, the "Specific Property"). Konrad Wiklinski waives, releases, and withdraws any claims and defenses that Konrad Wiklinski has made with respect to the Specific Property, and waives and releases any claims and defenses that Konrad Wiklinski might otherwise have made to

4

such property in the future in any proceeding, whether state or federal, administrative or judicial, or criminal or civil. Konrad Wiklinski further consents to the destruction of the Specific Property.

Konrad Wiklinski further waives any right Konrad Wiklinski might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government or its designee might take, in its sole discretion, to carry out the abandonment, destruction, or other disposition of the Specific Property. Konrad Wiklinski's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the Specific Property, including any such claim for attorney fees and litigation costs. Konrad Wiklinski further agrees to hold the United States, its agents and employees harmless from any claim whatsoever in connection with the seizure, abandonment, disposition, and destruction of the Specific Property.

## Restitution

Pursuant to 18 U.S.C. §§ 2259 and 3663, the defendant agrees to pay restitution to the victims of the offense to which the defendant is pleading guilty. The defendant also agrees that the Court may order restitution to any victim of any relevant conduct, as defined in United States Sentencing Guidelines, Section 1B1.3, in connection with the offense to which the defendant is pleading guilty. The defendant understands that the Court must order mandatory restitution of not less than $3,000 per victim.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Registration Consequences

The defendant understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. The defendant wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. The defendant understands that he is bound by his guilty plea regardless of any registration consequences of the

5

plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## Adam Walsh Child Protection and Safety Act

The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where the defendant resides; where he is an employee; and where he is a student. The defendant understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, the Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the defendant. This agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceeding against the defendant.

No provision of this agreement shall preclude the defendant from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that the defendant received constitutionally ineffective assistance of counsel.

6

## No Other Promises

This agreement constitutes the plea agreement between the defendant and the Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely yours,

TODD BLANCE
Deputy Attorney General

ALINA HABBA
Acting United States Attorney
Special Attorney

By: */s/Joseph McFarlane*
JOSEPH MCFARLANE
Assistant United States Attorney

APPROVED:

JASON M. RICHARDSON
Attorney-in-Charge, Camden

7

I have received this letter from my attorney, Abraham Basch, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, abandonment, restitution, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                     Date: 11/26/25
Konrad Wiklinski

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, abandonment, restitution, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                     Date: 11/26/25
Abraham Basch, Esquire
Counsel to Defendant Konrad Wiklinski

8

## Plea Agreement with Konrad Wiklinksi

### Schedule A

1.      This Office and Konrad Wiklinski recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024 applies in this case.

3.      The applicable guideline is U.S.S.G. § 2G2.2. This guideline carries a Base Offense Level of 22.

4.      A two-level enhancement applies because the Defendant knowingly engaged in distribution of child pornography. U.S.S.G. § 2G2.(b)(3)(F).

5.      A five-level enhancement applies because the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. U.S.S.G. § 2G2.2(b)(5).

6.      A two-level enhancement applies because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. U.S.S.G. § 2G2.2(b)(6).

7.      A five-level enhancement applies because the offense involved 600 or more images. U.S.S.G. § 2G2.2(b)(7)(D).

8.      As of the date of this letter, Konrad Wiklinski has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Konrad Wiklinski's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

9.      As of the date of this letter, Konrad Wiklinski has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Konrad Wiklinski's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Konrad Wiklinski enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Konrad Wiklinski's acceptance of responsibility has continued through the date of sentencing and Konrad Wiklinski therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Konrad Wiklinski's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10.     Accordingly, the parties agree that the total Guidelines offense level applicable to Konrad Wiklinski is 33 (the "Total Offense Level").

11.     The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

12.    If the term of imprisonment does not exceed 168 months, and except as specified in the next paragraph below, Konrad Wiklinski will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 135 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

13.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Plea Agreement with Konrad Wiklinski

### Schedule B

The defendant agrees to forfeit and consents to the destruction of the following items, which belonged to the defendant and were acquired from him on or about October 23, 2023:

1. Apple Mac Book Pro, Model A1706, serial number C02VPCJUHV2L
2. Apple iPhone XS, IMEI 35720699495055, serial number DNPY35BEKPFT
3. Apple iPhone 14 plus, IMEI 356661394070626, serial number JHLG91TX9L
4. Apple iPhone 12, IMEI 353253183183184579, serial number DX3G43HU0DXW

11

## Plea Agreement with Konrad Wiklinski

### Schedule C

The defendant agrees to abandon and consents to the destruction of the following items, which belonged to the defendant and were acquired from him on or about October 23, 2023:

1. Samsung Galaxy S6, IMEI 990007039450843, Model SMG920VZWA
2. Apple iPhone 5, IMEI 990003193574411, Model A1429
3. Apple iPhone 7, IMEI 355309086749898, Model A1660
4. Apple iPad Air 2

12